FILED

20 Day Summons

Attorneys for Plaintiff(s)

William H. Frye
319 Via Serpa
Oceanside, CA. 92057
760-500-7670

2008 APR -7 PM 4:49

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

William H. Frye

PLAINTIFF(S)

v.

Carl Demetropoulos
Andy Demetropoulos / Nitron
Industries
Mike Tolin

DEFENDANT(S).

CASE NUMBER CV 08 - 2144 - RGK (MAN)

COMPLAINT FOR

2008 MAR 31 PM 5:15

LODGED

My Name is William H. Frye and My Complaint is as follows:

In June, 2006 I was issued US Paten No. D523,180 for a helmet liner for the Military Combat helmet. I was designated sole inventor of This Invention. The Firm of Nitron Industries (Carl & Andy Demetropoulos & Mike Tolin) claimed They were co-inventors. The issue generated an Interference proceeding at The U.S. Patent and Trade Mark office. On Jan. 30, 2008 The Patent office ruled against me and cancelled my Patent. My Attorney Marvin Kleinberg failed to present a convincing Case to the Patent office. I am appealing their decision based on the fact Evidence was not properly submitted by my attorney that would have proved I am The Sole inventor and rightful owner of Patent No. D523,180.

I request that my appeal be granted so that I may have additional Time to further prove my Case.

Respectfully Submitted
William H. Frye   3/31/08

BoxInterferences@USPTO.GOV
Tel: 571-272-4683

Paper :71
Entered: January 30, 2008

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

WILLIAM HARVEY **FRYE**

Junior Party
(Design Patent D 523,180)

v.

WILLIAM H. **FRYE**, ANDREW L. DEMETROPOULOS,
CARL L. DEMETROPOULOS and MICHAEL TOLIN

Senior Party
(Design Application 29/211,278)

Patent Interference No. 105,549 (JL)
(Technology Center 2900)

1    Before SCHAFER, LEE and MOORE, <u>Administrative Patent Judges</u>.

2    LEE, <u>Administrative Patent Judge</u>.

3    <u>**Order -- Sanctions -- Bd. R. 128(b)**</u>

4                                    Introduction

5          On July 3, 2007, the junior party filed its Substantive Motion 1 seeking judgment on the

6    ground of priority of invention (Paper 33). On September 18, 2007, the senior party filed its

7    Opposition 1 (Paper 39) which contained multiple allegations of misconduct and impropriety

8    made against the junior party's sole named inventor. On November 20, 2007, an order was

9    issued (Paper 62) for the senior party to show cause why sanction should not be imposed against

10   the senior party for attacking the personal character and integrity of Mr. William H. Frye with

11   the incendiary assertions in Opposition 1, which the order found lack a supporting basis. The

*Exhibit*
*(1)*

Interference No. 105,549
Frye v. Frye

1    nature of the show cause order is reflected in the following paragraphs reproduced from the order

2    (emphasis added):

3        **Senior party's Opposition 1 is replete with assertions which attack the personal**

4    **character and integrity of the junior party William Harvey Frye. For instance, on page 7,**

5    **it is alleged (1) that the junior party fabricated evidence, (2) that the junior party**

6    **convinced a witness to falsify a declaration; (3) that the junior party has a habit of**

7    **falsifying records; (4) that the junior party has a habit of creating records after the fact; (5)**

8    **that the junior party has a habit of lying under oath. On page 9, it is alleged (6) that the**

9    **junior party is a dishonest person. On page 10, it is again alleged (7) that the junior party**

10   **fabricated evidence. On page 16, it is alleged (8) that the junior party falsified his**

11   **declaration, (9) that the junior party falsified all substantive information presented to the**

12   **Board, and (10) that that the junior party has committed perjury.**

13
14       The assertions are extremely serious. They accuse the junior party of
15   having a specific intent to deceive, to commit fraud, and to commit a crime. The
16   fact that the senior party is represented by counsel and the senior party's
17   Opposition 1 is signed by counsel makes the assertions even more alarming, since
18   it is presumed that attorneys normally do not make assertions without reasonable
19   basis. Consequently, although the record had not yet been filed by the parties, on
20   November 13, 2007, the patent judge ordered the senior party to file, by electronic
21   filing, all evidence referred to in its Opposition 1.

22
23       **Upon review of that evidence, it has been determined that nothing in**
24   **that body of evidence, as referred to by the senior party, can reasonably**
25   **support any of the above-noted assertions by the senior party, insofar as the**
26   **element of specific intent is concerned. It is noted that the senior party has**
27   **not even cross-examined the junior party. The evidence is far from being**
28   **sufficient to make out a prima facie case that any of the above-noted**
29   **assertions is true.**

30
31       A telephone conference call was held on November 14, 2007, between the
32   patent judge and respective counsel for the parties. Counsel for the senior party
33   was directed to explain the evidentiary basis for the allegations, with regard to the
34   intent element. Counsel for the senior party could articulate none which even
35   meets a threshold of non-frivolousness. It was the apparent position of the senior
36   party's counsel that if senior party's version of the facts is different from that of
37   the junior party's and if there is evidence to contradict the junior party's evidence,
38   then he was free to make the assertions made solely on the basis of a belief.
39   Counsel for the senior party admitted that there was no direct evidence supporting
40   the allegations made which require specific intent.

*Exhibit*
*2*

Interference No. 105,549
Frye v. Frye

1        Counsel for the senior party was advised that mere disagreement with the
2    facts and even discrepancies in junior party's own assertions do not support the
3    above-noted assertions which all require a specific intent to deceive or commit
4    fraud.  Counsel for the senior party was also advised of 37 C.F.R. § 10.23(d)
5    which states, in pertinent part:
6
7          A practitioner who acts with reckless indifference to
8        whether a representation is true or false is chargeable with
9        knowledge of its falsity.
10
11    Subsequent to the telephone conference call referred to in the above-quoted text, and on
12    the same date as the conference call, the senior party filed an amendment to Opposition 1,
13    retracting all of the troublesome language discussed in the conference call.  The amendment
14    made an apology and offered to remove any further remark which may be deemed inappropriate.
15    On November 30, 2007, the senior party filed a response (Paper 63) to the order requiring
16    the senior party to show cause why sanction should not be imposed.  The concluding paragraph
17    of that response acknowledges error and again apologizes.

18                         Discussion

19    In filing a priority motion or in opposing a priority motion, mounting a personal attack
20    against the character and integrity of another party without sufficient supporting evidence can
21    serve no useful purpose.  Even when sufficient evidence can be adduced, it tends to be
22    unneccessary, as a party does not have to prove a witness intentionally lied, cheated, or perjured
23    himself or herself to discredit the witness' testimony.  Furthermore, "intent" is difficult to prove
24    and personal attacks usually create an emotional "sideshow" which detracts from the level of
25    professionalism the merits of each case deserves.

26    While there is no specific rule which prohibits a party from calling the other a liar and a
27    cheat (cf. 37 CFR § 1.3, requiring "decorum and courtesy"), the accusations once made must
28    stand up to a threshold level of scrutiny based on the evidence identified and discussed and the
29    explanations accompanying the charges.  Otherwise, the attacking party may risk being
30    sanctioned by the Board.

31    As was stated in the show cause order of November 20, 2007 (p. 3, ll. 27-32):

32        The Board may impose a sanction on a party for misconduct.  37 C.F.R.
33    § 41.128(a).  Misconduct, as defined by 37 C.F.R. § 10.23(d), includes conduct by
34    a practitioner who acts with reckless indifference to whether a representation is
35    true or false.  In that circumstance, the practitioner is chargeable with knowledge
36    of the falsity of the representation.  *Id.*  The Board may also impose a sanction on

*Exhibit*
*3*

Interference No. 105,549
Frye v. Frye

1  a party for advancing a frivolous request for relief or argument. 37 C.F.R. §
2  41.128(a)(2).
3
4  Per 37 C.F.R. § 128(b), a sanction may include holding certain facts to have been established,
5  expunging or precluding filing of a paper, precluding one from contesting an issue, precluding
6  discovery, excluding evidence, awarding compensatory expenses, or entering judgment.
7      The senior party has retracted all of the troublesome language underlying the show cause
8  order, acknowledged error and apologized twice for including incendiary language in its
9  Opposition 1.
10      Nonetheless, we shall consider imposing a sanction because the focus of the senior party
11  response is misdirected and because the real issue raised by the show cause order has been side-
12  stepped. The problem is not with incendiary assertions per se, but with the senior party's making
13  those accusations and then not pointing to a sufficient evidentiary basis in Opposition 1 for the
14  accusations. The retraction came only after the senior party was informed that a show cause
15  order might be forthcoming, and after junior party had filed a reply.
16      The response to the show cause order makes clear that it is still senior party's position
17  that it was reasonable for the senior party to include all of the troublesome assertions in
18  Opposition 1, including the assertion that the junior party falsified all substantive information
19  presented to the Board. To date, the senior party has not acknowledged that no reasonable basis
20  was presented in Opposition 1 to support these personal attacks on Mr. Marvin H. Frye:
21      (1) that the junior party fabricated evidence;
22      (2) that the junior party convinced a witness to falsify a declaration;
23      (3) that the junior party has a habit of falsifying records;
24      (4) that the junior party has a habit of creating records after the fact;
25      (5) that the junior party has a habit of lying under oath;
26      (6) that the junior party is a dishonest person;
27      (7) that the junior party fabricated evidence;
28      (8) that the junior party falsified his declaration;
29      (9) that the junior party falsified all substantive information presented to the Board;
30      (10) that the junior party has committed perjury.
31      The response to the show cause order is twenty-four pages long in which the senior party
32  attempts to justify the purported reasonableness of having made all of the above-noted assertions

4

*Exhibit*
*4*

Interference No. 105,549
Frye v. Frye

1  and even relies on additional evidence that was not earlier submitted (Exhibit 1024). The senior

2  party does not acknowledge that even one of the above-noted assertions was not reasonably

3  supported by the evidence discussed and explanations included in Opposition 1 when the

4  assertions were made.

5      We focus our analysis on the assertion in senior party's Opposition 1 (¶ 19) that the

6  junior party falsified all substantive information presented to the board, because that assertion

7  alone is enough for us to impose sanction and because that assertion is representative.

8      In the response to the show cause order, the senior party goes through forty-four specific

9  paragraphs of Mr. William Harvey Frye's declaration (Exhibit 2004, ¶¶ 23, 25-27, 34, 35, 40, 42,

10  44-47, 54, 57-59, 61-63, 65, 66, 68, 71, 86, 92, 94, 95, 107, 124, 129, 138, 142, 143, 157, 158,

11  172, 173, 175-177, 183, 195, 198, and 199) and attempts to justify for each charge of

12  falsification made in senior party's Opposition 1. Mr. Frye's declaration actually includes 202

13  numbered paragraphs. Even assuming that the senior party has shown good cause for

14  characterizing the forty-four paragraphs as containing "falsified" information, 158 paragraphs

15  remain unaccounted for insofar as the assertion of falsifying substantive information is

16  concerned. The response to the show cause order does not explain why the forty-four paragraphs

17  should be deemed substantive while the remaining 158 should not. Such picking and choosing

18  of paragraphs to address undermines the senior party's response. Many in the remaining 158 are

19  clearly substantive, even more so than some addressed by the senior party. See, for instance,

20  paragraphs 88-91:

21      88.   On May 27, 2004, I went to Mr. Tolin's home to pick up the newly
22  created prototype based upon my May 24, 2004 design. (See Exhibit 2007, p. 1).
23
24      89.   I subsequently fit the helmet pad into a helmet at my home in
25  Oceanside, California. (See Exhibit 2007, p. 1).
26
27      90.   It is my belief that this May 27, 2004 prototype based upon my
28  May 24, 2004 design was the first actual reduction to practice of my invention.
29
30      91.   It became apparent during this May 27, 2004 meeting that Mr.
31  Tolin had not appropriately communicated the specifications of my design to Mr.
32  Crane in that the helmet pad did not conform precisely the specifications that I
33  had prepared in my May 24, 2004 design. (See Exhibit 2007, p. 1).
34
35  Also, since the junior party argues diligence commencing from conception, all testimony

36  regarding actions subsequent to the alleged conception date of May 24, 2004, is substantive.

*Exhibit*
*5*

Interference No. 105,549
Frye v. Frye

1   Starting with paragraph 82, and through paragraph 202, Mr. Frye's declaration involves activities

2   subsequent to May 24, 2004, and leading up to filing of junior party's application on September

3   2, 2004. The lack of accounting for all paragraphs undermines the senior party's response.

4        With regard to the forty-four paragraph the senior party has addressed, the justification

5   offered with respect to thirty of them (¶¶ 34, 35, 40, 44, 46, 47, 54, 57-59, 61-63, 65, 66, 68, 71,

6   92, 94, 95, 124, 142, 143, 157, 158, 172, 173, 175, 177, and 195) is simply that the activity

7   presented does not appear in Mr. Frye's own "billing notes" for the corresponding day of the

8   activity. The so called "billing notes" is Exhibit 2007 submitted by the junior party in support of

9   the junior party's priority motion. Mr. Frye's declaration, in paragraph 23 describes the exhibit

10  as: "A true and correct copy of a document created in September or October of 2006 including

11  several pages of work I did for Nitron from May 1, 2004 until October 31, 2004 is attached

12  hereto as exhibit 2007." The Exhibit List attached to junior party's priority motion list Exhibit

13  2007 as "Pages from Mr. William H. Frye's billing for work done on the helmet pad to Nitron

14  Industries, LLC."

15       The problems with senior party's justification are twofold. First, the rationale was not

16  included in Opposition 1. There was a bare assertion that the junior party falsified all substantive

17  information presented to the Board, without the explanation that with respect to thirty paragraphs

18  in Mr. Frye's declaration the justification is that the referenced activities does not appear in Mr.

19  Frye's own "billing notes" for the corresponding days.

20       Secondly, the casual observation that the activities noted in those paragraphs do not

21  appear in certain billing notes of Mr. Frye is not nearly sufficient basis to support asserting that

22  Mr. Frye falsified the information contained in the declaration paragraphs. Mr. Frye's

23  declaration had been prepared in connection with junior party's priority motion. It is not

24  surprising that billing notes would not have the same or equivalent detail as that a party may

25  deem fit to include in a declaration in support of a motion for judgment based on priority of

26  invention, particularly where the party alleges reasonable diligence in reducing the invention to

27  practice. Also, the senior party ignores the possibility that some work might not have been

28  billable for whatever reason, or that Mr. Frye might have chosen not to bill for some of his work.

29  The senior party chose not to cross-examine Mr. Frye on the declaration and to confront him

30  with the billing notes for an explanation. Instead, without anything to show an intent to deceive,

Exhibit
6

Interference No. 105,549
Frye v. Frye

1  the senior party asserts that the junior party falsified all substantive information presented to the

2  Board. That unsupported allegation is inexcusable.[1]

3      We now turn to some of the other declaration paragraphs addressed in the senior party's

4  response.

5      Paragraph 23 states: "A true and correct copy of a document created in September or

6  October of 2006 including several pages of work I did for Nitron from May 1, 2004 until

7  October 31, 2004 is attached hereto as Exhibit 2007." According to the senior party, creation of

8  documentary evidence to record something which occurred earlier in time constitutes fabrication

9  of evidence, creation of evidence after the fact, and falsifying information. That is not true, if

10  Mr. Frye expressly indicates that the document was created not contemporaneously with the

11  referenced activity but at a time subsequent thereto, as the paragraph 23 so very clearly indicates.

12  Moreover, paragraph 24 further states: "Exhibit 2007 is believed to be accurate, but was created

13  substantially after the events of May 1, 2004 to September 3, 2004." In this context, asserting

14  that Mr. Frye falsified the submission of paragraph 23 and fabricated or created evidence after

15  the fact is with reckless disregard to the truth of the representation. Fabricating and creating

16  evidence after the fact necessarily entails deceit. As for the fact that the billing notes were

17  actually in existence in July 2004, several months prior to when Mr. Frye states he created them,

18  the senior party ignores the likelihood that Mr. Frye's memory of what happened approximately

19  four years ago is not accurate. A declaration statement may be wrong or not credible, but a

20  wrong statement does not standing alone support a charge of intentional falsification or perjury.

21      Paragraph 25 states: "I set up and attended a meeting with Mr. Tolin and Andrew and

22  Carl Demetropoulos in Semi Valley on May 1, 2004. (See Exhibit 2007, p. 1)." The senior party

23  argues that from earlier paragraph in the declaration it can be deduced that the meeting on May

24  1, 2004 was represented as the first meeting between Mr. Frye and Nitron, and yet (1) in a legal

25  proceeding before the California Labor Commission in 2004 Mr. Frye testified that he first

26  presented his helmet idea to Nitron in March 2004, and (2) the senior party has corroborated

27  evidence that Mr. Frye did in fact meet with Nitron in March 2004 to present an idea for making

28  a helmet pad.

---

[1]  The "billing notes" is also substantive information presented to the Board. Even adopting senior party's theory that the declaration paragraphs are falsified because they are inconsistent with the billing notes, that assumes the billing notes are genuine and accurate, in which case that submission was not falsified and the senior party is still baseless in asserting that the junior party falsified all substantive information presented to the Board.

Exhibit
7

Interference No. 105,549
Frye v. Frye

1    From that discrepancy, senior party's counsel concluded that Mr. Frye perjured himself.

2    The conclusion is far from adequately supported. It is only one of many possible scenarios,

3    including that Mr. Frye simply remembered incorrectly, in 2007, the precise time he first made

4    contact with Nitron back in 2004. Another possibility is that the senior party may be wrong in its

5    reading the paragraph as referring to the very first contact between Mr. Frye and Nitron. The

6    paragraph does not represent that the referenced meeting was the first contact between Nitron

7    and Mr. Frye. Again, counsel for the senior party chose not to cross-examine Mr. Frye with

8    respect to the apparent discrepancy, but chose to make the naked assertion that Mr. Frye

9    committed perjury and falsified substantive information presented to the Board. That is

10   inexcusable.

11   It is not enough for an assertion of perjury and intentional falsification of submissions

12   that there are discrepancies between the testimony under oath and some other evidence in the

13   case. A party should not casually advance a charge of perjury and intentional falsification of

14   submissions if reasonable explanations exist which can account for evidentiary discrepancies.

15   Paragraph 101 states: "On June 8, 2004, I was introduced to Mr. Townsley who

16   indicated he would be preparing the patent application on my behalf." In that regard, senior

17   party's response to the show cause order states:

18   This never happened. Attorney's first contact with anyone connected with this
19   matter was on June 14, 2004 when Mr. Tolin and Mr. Andrew Demetropolous
20   came to his office. Attorney did not talk to or meet Mr. Frye until after that. See
21   Exhibit 1014 § 11 and Exhibit 1019, page 1, last paragraph. Attorney took this as
22   evidence of Mr. Frye's mendacity.
23
24   That the senior party's attorney has a different recollection of the date when

25   contact was first made between him and Mr. Frye is not sufficient evidence to accuse Mr.

26   Frye of lying, particularly when the senior party chose not to cross-examine Mr. Frye on

27   his declaration. It does not matter if the attorney's recollection is supported by other

28   evidence. The senior party pointed to nothing which reflected an intent to deceive.

29   Paragraph 176 states: "I pointed out to Mr. Townsley [the attorney] that I did not

30   believe I was nor want to be named as a co-inventor." In that regard, senior party's

31   response to the show cause order states:

32   Attorney does not recall this. As Attorney recalls Mr. Frye called him solely to
33   inquire about whether it was possible for someone to prosecute an application

*Exhibit*
*8*

Interference No. 105,549
Frye v. Frye

1    without an inventor's signature.  This is confirmed by his testimony.  See Exhibit

2    2004, which says:

4         177. Mr. Townsley indicated that I would be deemed an

5        uncooperative inventor and that he would prosecute the application

6        with or without my signature.  (Exhibit 2018, p. 1-2; Exhibit

7        2027).

9    That the senior party's attorney has a slightly different recollection of the subject matter of the

10    phone call does not support accusing Mr. Frye of falsifying information to the Board, especially

11    in this case where Mr. Frye ultimately did not sign the patent application as a co-inventor, which

12    is consistent with the representation that he informed counsel that he did not want to be named as

13    co-inventor.  Also, Mr. Frye's representation is consistent with the undisputed fact that counsel

14    indicated that he would be deemed an uncooperative inventor and that the application would be

15    filed anyway without Mr. Frye's signature.  The senior party also chose not to cross-examine Mr.

16    Frye.  On these facts, the senior party had no basis to assert that Mr. Frye falsified information.

17        On pages 10-11 of the response to the show cause order, the senior party identifies nine

18    paragraphs (¶¶ 26, 27, 34, 42, 45, 57, 86, 198, and 199) in Mr. Frye's declaration (Exhibit 2004),

19    all concerning the creation and revision of drawings by Mr. Frye, the providing of drawings by

20    Mr. Frye to Mr. Tolin, and the subsequent providing of drawings from Mr. Tolin to Mr. Dale

21    Crane who produced an actual prototype.  According to the senior party, the creation of drawings

22    was not mentioned on Mr. Frye's billing notes, the co-inventors including Mr. Tolin state that

23    Mr. Frye provided no drawings, and Mr. Crane states that the inventors provided him no

24    drawings.

25        The response states (p. 12) that based on the foregoing, senior party's attorney concluded

26    "that the drawings never existed and Mr. Frye simply made them up later to support his

27    contention that he is the sole inventor of the helmet pad."  Yet, the senior party chose not to

28    cross-examine Mr. Frye on the senior party's submissions, and the senior party chose not to

29    obtain testimony from Mr. Ingala, who purportedly signed and dated many of Mr. Frye's

30    drawings.

31        Having conflicting testimony between opposing parties in a contested case regarding the

32    facts is actually fairly common.  It certainly does not justify any party to assert that the other

33    party is a liar or has falsified submissions to the Board, especially without further investigation

34    through cross-examination and taking of testimony of a corroborating witness for the other side.

*Exhibit*
*9*

Interference No. 105,549
Frye v. Frye

1   It is very disturbing that an attorney would assert that the other party fabricated or made up the

2   drawings, as in falsifying a submission, based on nothing more substantive than that there is

3   conflicting evidence in the case to the contrary. We expect much more from attorneys who

4   practice before the Board.

5        The response to the show cause order states that the only drawing considered substantive

6   by senior party's attorney is that of Exhibit 2002 because the other drawings are irrelevant. But

7   that was not indicated in senior party's Opposition 1 which alleged that the junior party falsified

8   "all substantive submissions" to the Board. Also, irrelevance does not change the character of a

9   drawing as a substantive submission. Drawings by their nature in a priority contest are not

10  procedural. Unless indicated otherwise, the reference to "substantive submission" is properly

11  construed to cover all drawings submitted in junior party's Motion 1. We reject senior party's

12  attempt, at this stage, to limit the scope of the reference to "all substantive submissions."

13       On page 3 of the response to the show cause order, it is stated that "Attorney used

14  positive language in an attempt to make his proofs convincing." It is our experience that

15  sensationalizing or exaggerating the language used in a motion or opposition beyond that

16  commensurate with the level of the supporting evidence does not make proofs more convincing;

17  if anything, it has the opposite effect. The Board has long experience in spotting puffery – what

18  we want to see instead are facts with reasoned explanation.

19       The portion of the response to the show cause order commencing on page 6, line 21, and

20  continuing to page 7, line 7, is unpersuasive. The senior party attempts to justify accusing Mr.

21  Frye of deceit, in senior party's Opposition 1 which was filed on September 18, 2007, based on a

22  declaration executed by Mr. Frye on November 3, 2007 (Exhibit 2030), to support junior party's

23  Reply 1 filed on November 6, 2007. Something that happened on November 3, 2007 cannot

24  serve as the basis of an accusation made on September 18, 2007.

25       Without any explanation, senior party's Opposition 1 accuses Mr. Frye of convincing Mr.

26  Patrick Ingala of falsifying a declaration. The senior party did not seek to take the testimony of

27  Mr. Ingala. The response to the show cause order still makes no explanation for the assertion

28  concerning Mr. Ingala. We have not been directed to any declaration of Mr. Ingala. Based on

29  the official record of this case, the junior party submitted no declaration of Mr. Ingala.

Exhibit
10

Interference No. 105,549
Frye v. Frye

Conclusion

1.        For all of the foregoing reasons, we conclude that neither senior party's Opposition 1 nor

3    response to the show cause order presented a reasonable basis for accusing Mr. Marvin H. Frye

4    of fabricating evidence, committing perjury, lying under oath, convincing a witness to falsify a

5    declaration, and falsifying all substantive submissions to the Board.  On either basis, imposition

6    of sanction under 37 C.F.R. § 128(b) is appropriate.  We also conclude that these accusations

7    were made with reckless disregard to whether the assertions are true or false.  It is

8    **ORDERED** that senior party's Opposition 1 (Paper 39, filed September 18, 2007),

9    Amendment to Opposition 1 (Paper 60, filed November 14, 2007), Replacement Amendment to

10    Opposition 1 (Paper 61, filed November 14, 2007), and all exhibits submitted by the senior party

11    in support of Opposition 1 (Exhibits 1001-1023) are herein stricken from the official file as

12    though they had not been accepted for filing;[2] and

13    **FURTHER ORDERED** that junior party's Motion 1 will be considered by the Board

14    solely on the basis of whether it has made out a prima facie basis for the requested relief, without

15    consideration of senior party's Opposition 1 and junior party's Reply 1.[3]

---

[2]  However, these papers are not expunged from the official file, in the interest of preserving a record of their content.

[3]  Because senior party's Opposition 1 has been stricken, there will be no occasion to consider junior party's reply.

11

*Exhibit*
*11*

Interference No. 105,549
Frye v. Frye

1
2
3                              /ss/ Richard E. Schafer
4                              RICHARD E. SCHAFER
5                              Administrative Patent Judge
6
7                              /ss/ Jameson Lee
8                              JAMESON LEE
9                              Administrative Patent Judge
10
11                             /ss/ James T. Moore
12                             JAMES T. MOORE
13                             Administrative Patent Judge

By Electronic Transmission

Attorney for Senior Party

Norton R. Townsley
Gentle E. Winter
**BELASCO JACOBS & TOWNSLEY, LLP**
**HOWARD HUGHES CENTER**
6100 Center Drive, Suite 630
Los Angeles, California 90045
Tel: (310)743-1188
Fax:(310)743-1189
Email: patmail@bjtlaw.com


Attorney for Junior Party Frye

Marvin H. Kleinberg
2049 Century Park East
Suite 1080
Los Angeles, California 90067
Tel: (310)557-1511
Fax: (310)557-1540
Email : patents@kleinberglerner.com

Exhibit
12

BoxInterferences@USPTO.GOV
Tel: 571-272-4683

Paper :72
Entered: January 30, 2008

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

WILLIAM HARVEY **FRYE**

Junior Party
(Design Patent D 523,180)

v.

WILLIAM H. **FRYE**, ANDREW L. DEMETROPOULOS,
CARL L. DEMETROPOULOS and MICHAEL TOLIN

Senior Party
(Design Application 29/211,278)

Patent Interference No. 105,549 (JL)
(Technology Center 2900)

Before SCHAFER, LEE and MOORE, <u>Administrative Patent Judges</u>.

LEE, <u>Administrative Patent Judge</u>.

<u>**Decision -- Priority -- Bd. R. 125(a)**</u>

Introduction

1
2
3       The junior party is Mr. William Harvey Frye as a sole inventor.  Mr. Frye is also a named
4   but non-signing co-inventor in the senior party's involved application.  There are three additional
5   named co-inventors in the senior party's involved application.  The subject matter of the count in
6   this interference is the ornamental design of a helmet liner.
7       This interference was declared on March 27, 2007.  The junior party is involved on the
8   basis of its Design Patent D 523,180, based on Application 29/212,555, filed September 3, 2004.
9   The senior party is involved on the basis of its Application 29/211,278, filed August 12, 2004.

Exhibit
13

Interference No. 105,549
Frye v. Frye

1    The only motion before us is junior party's Motion 1 alleging priority of invention.  In a

2    concurrent paper, we have stricken senior party's Opposition 1, Amendment to Opposition 1, and

3    Replacement to Amendment to Opposition 1.  Thus, there is no occasion to consider junior

4    party's Reply 1 which can serve only to rebut any new issue raised in the opposition which the

5    junior party reasonably could not be expected to have addressed in the original motion.  We

6    consider junior party's Motion 1 to see if it sets forth a prima facie entitlement to relief, without

7    regard to senior party's Opposition 1 and amendments thereto and junior party's Reply 1.

8                                                    Analysis

9        Because the senior party is standing solely on its filing date and has filed no priority

10   motion to establish an earlier conception or reduction to practice, junior party Frye can prevail

11   only if it shows either that (1) it had an actual reduction to practice prior to the senior party's

12   filing date, or (2) it had a prior conception, a later reduction to practice, and continuous diligence

13   in reducing the invention to practice from prior to the senior party's filing date.  *See* 35 U.S.C. §

14   102(g).

15   Only the first alternative is of relevance here in the context of the junior party's motion.

16   That is so because the junior party alleges an actual reduction to practice on May 27, 2004,

17   which is prior to the senior party's filing date, and also because the junior party does not assert

18   continuous reasonable diligence from just prior to the senior party's filing date of August 12,

19   2004, to the junior party's constructive reduction to practice date of September 3, 2004 (Motion

20   2:1-9).  Consequently, the dispositive issue in this case is whether the junior party has

21   demonstrated an actual reduction to practice of the subject matter of the count on May 27, 2004.

22       The count of this interference is defined as the sole claim of Design Patent D 523,180 or

23   the sole claim of Design Application 29/211,278.  The sole claim of junior party's involved

24   patent reads: "I claim the ornamental design for the comfort military helmet liner, as shown and

25   described."  The specification includes three drawings and the description of the drawings states:

26       FIG. 1 is a top plan view of a comfort military helmet liner showing my new
27       design, the bottom view being identical;
28       FIG. 2 is a top plan view of a second embodiment thereof, the bottom view being
29       identical to FIG. 1; and,
30       FIG. 3 is a bottom perspective view of both embodiments, the environmental
31       matter shown in broken lines is for illustrative purposes only and forms no part of
32       the claimed design.
33
34   Figures 1-3 are reproduced below:

2

*Exhibit*
*14*

Interference No. 105,549
Frye v. Frye



3

Exhibit
15

Interference No. 105,549
Frye v. Frye



### FIG. 3

1
2   Actual reduction to practice of a three-dimensional design invention requires the

3 production of an article embodying that design. *Fitzgerald v. Arbib*, 268 F.2d 763, 765 (CCPA

4 1959). The junior party alleges that the invention was actually reduced to practice when the

5 design was manufactured by Mr. Dale Crane of Crane Technology Co., Inc. on May 27, 2004

6 (Motion ¶ 10). The entirety of the evidence cited for that allegation is paragraphs 88 and 89 of

7 Mr. Frye's declaration (Exhibit 2004), which paragraphs state as follows:

8   88.  On May 27, 2004, I went to Mr. Tolin's home to pick up the newly-
9   created prototype based upon my May 24, 2004 design. (See Exhibit 2007, p. 1).
10

*Exhibit*
*17*

Interference No. 105,549
Frye v. Frye

1    89.    I subsequently fit the helmet pad into a helmet at my home in Oceanside,
2    California. (See Exhibit 2007, p. 1).
3
4    Exhibit 2007 referenced in Mr. Frye's declaration paragraph 88 and 89 is identified and
5    described in paragraph 23 of Mr. Frye's declaration as:
6    23.    A true and correct copy of a document created in September or October of
7    2006 including several pages of work I did for Nitron from May 1, 2004 until
8    October 31, 2004 is attached hereto as Exhibit 2007.
9
10   Although Mr. Frye cites to page one of Exhibit 2007, he does not specifically identify what to
11   look for on that page.  However, we have located an entry on that page for May 27, 2004, which
12   reads (in hand-print):  "Met W/Mike To Fit Proto-Type (HPs) INTO a Kevlar Helmet Mike
13   Made Photos, Put on Web."  A second column titled "Hours" for that entry reads "6.0."
14        The foregoing represents the entire proof as presented and explained in junior
15   party's Motion 1 for demonstrating that the junior party actually reduced the invention of
16   the subject matter of the count in this interference to practice on May 27, 2004.  The
17   argument and evidence cited in support thereof are inadequate and insufficient to satisfy
18   the preponderance of the evidence test for the junior party to demonstrate priority of
19   invention.
20        First, it is wholly unclear what the prototype helmet pad allegedly produced by
21   Mr. Dale Crane and picked up by Mr. Frye at Mr. Tolin's home on May 27, 2004, looks
22   like.  The junior party has not put forth sufficient evidence and argument to show that the
23   helmet liner of the prototype was the same as the claimed design as shown in the Figures
24   reproduced.  In that regard, Mr. Frye's declaration is ambivalent.  He states that the
25   helmet pad prototype was "based on my May 24, 2004 design" (Exhibit 2004 ¶ 88).[1]  The
26   term "based on" is broad and not limited to the meaning of "same" or "identical."  It may
27   include improvements, derivatives, and modifications of the original design which would
28   be excluded by language such as "was identical in every respect to."
29        Even if we view the evidence in its best light for the junior party, the most we can
30   assume is Frye testifies that the prototype was similar to the count.  However, the junior

---

[1]    The junior party has not shown or even explained why Mr. Frye's design of May 24, 2004 (Exhibit 2013) is the
same as that of the subject matter of the count. Exhibit 2013 shows only the bottom portion of a helmet pad design
and even that portion does not exhibit the same pattern as that included in the design specified by the count. For
purposes of this opinion, we assume that the design of May 24, 2004 is the same as that of the interference count.

5

Exhibit
18

Interference No. 105,549
Frye v. Frye

1    party has not revealed what any differences were. No picture of that prototype has been

2    produced and no witness has specifically described the look of that prototype. The junior

3    party has not proved that the prototype picked up by Mr. Frye on May 27, 2004 embodied

4    the ornamental design that is the subject matter of the count.

5            Even assuming arguendo that Mr. Frye stated in his declaration that the prototype

6    purportedly made by Mr. Crane and picked up by Mr. Frye on May 27, 2004, embodied

7    the same ornamental design of the subject matter of the count in this interference, we

8    conclude that the junior party has failed to carry its burden of proof. Inventor testimony,

9    standing alone, is insufficient proof of actual reduction to practice. An inventor's

10   testimonial assertions of inventive facts require corroboration by independent evidence.

11   Brown v. Barbacid, 276 F.3d 1327, 1335 (Fed. Cir. 2002); Lacotte v. Thomas, 758 F.2d

12   611, 613 (Fed. Cir. 1985); Reese v. Hurst, 661 F.2d 1222, 1125 (CCPA 1981)

13   ("[E]vidence of corroboration must not depend solely on the inventor himself."). The

14   purpose of the rule requiring corroboration is to prevent fraud. Berry v. Webb, 412 F.2d

15   261, 267 (CCPA 1969).

16           The junior party's motion is not accompanied by any testimony from Mr. Dale

17   Crane as to what design was embodied by the prototype he supposedly built per Mr.

18   Frye's testimony, any testimony from Mr. Tolin, who supposedly had possession of that

19   prototype on May 27, 2004 before it was "picked up" by Mr. Frye, or the testimony of

20   anyone else other than Mr. Frye, as to what design was embodied in the prototype.

21           Secondly, the junior party has not shown with sufficient credible evidence that the

22   prototype picked up by Mr. Frye on May 27, 2004, was an implementation of Mr. Frye's

23   design. Paragraph 86 of Mr. Frye's declaration states: "On information and belief,

24   sometime between May 25 and May 27, 2004, Mr. Tolin provided a copy of my drawing

25   or a drawing of his own based upon my drawing to Crane Tech in order to create a

26   prototype based upon my May 24, 2004 design." The "information and belief" of Mr.

27   Frye alone does not constitute persuasive evidence, unless a credible evidentiary basis

28   has been provided. Mr. Frye does not indicate what underlying information served as the

29   basis for his belief. Paragraph 87 of Mr. Frye's declaration states that Mr. Frye did not

30   attend the meeting between Mr. Tolin and Crane Tech personnel. Consequently, there is

6

*Exhibit*
*19*

Interference No. 105,549
Frye v. Frye

1   no independent corroboration of the fact.  No declaration of Mr. Tolin or Mr. Crane

2   accompanied junior party's Motion 1 in which such corroboration could have been found.

3        For the foregoing reasons, the junior party has not shown actual reduction to

4   practice by the junior party of the invention of the count on May 27, 2004.

5                              Conclusion

6        Junior party's Motion 1 for priority of invention is **denied**.

7

8
9                    /ss/ Richard E. Schafer
10                   RICHARD E. SCHAFER
11                   Administrative Patent Judge

12
13                   /ss/ Jameson Lee
14                   JAMESON LEE
15                   Administrative Patent Judge

16
17                   /ss/ James T. Moore
18                   JAMES T. MOORE
19                   Administrative Patent Judge

7

*Exhibit*
*20*

Interference No. 105,549
Frye v. Frye

By Electronic Transmission

Attorney for Senior Party

Norton R. Townsley
Gentle E. Winter
**BELASCO JACOBS & TOWNSLEY, LLP**
**HOWARD HUGHES CENTER**
6100 Center Drive, Suite 630
Los Angeles, California 90045
Tel: (310)743-1188
Fax:(310)743-1189
Email: patmail@bjtlaw.com

Attorney for Junior Party Frye

Marvin H. Kleinberg
2049 Century Park East
Suite 1080
Los Angeles, California 90067
Tel: (310)557-1511
Fax 310)557-1540
Email: patents@kleinberglerner.com

8

*Exhibit*
*21*

BoxInterferences@USPTO.GOV
Tel: 571-272-4683

Paper 73
Entered: 30 January 2008

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

WILLIAM HARVEY **FRYE**

Junior Party
(Design Patent D 523,180)[1]

v.

WILLIAM H. **FRYE**, ANDREW L. DEMETROPOULOS,
CARL L. DEMETROPOULOS and MICHAEL TOLIN

Senior Party
(Design Application 29/211,278)[2]

Patent Interference No. 105,549
(Technology Center 2900)

Before SCHAFER, LEE, and MOORE, Administrative Patent Judges.

LEE, Administrative Patent Judge.

### Judgment -- Merits -- Bd. Rule 127

1    Junior party's Motion 1 seeking priority has been denied in a concurrent paper.  It is

2        **ORDERED** that judgment on priority as to the subject matter of Count 1 is herein

3    entered against junior party WILLIAM HARVEY FRYE;

---

[1]    Based on Application 29/212,555, filed September 3, 2004.

[2]    Filed August 12, 2004.

*2/29/08 - DEADLINE TO REQUEST REHEARING*

*3/30/08 - DEADLINE TO FILE NOTICE OF APPEAL WITH U.S. COURT OF APPEALS*

*Docket Murphy*

1

*Exhibit 22*

Interference No. 105,549
Frye v. Frye

1         **FURTHER ORDERED** that the sole claim of junior party's involved Patent

2   D 523,180 is herein cancelled;

3         **FURTHER ORDERED** that if there is a settlement agreement, the parties should

4   note the requirements of 35 U.S.C. § 135(c) and Bd. Rule 205; and

5         **FURTHER ORDERED** that a copy of this judgment be placed in the respective

6   involved application and patent of the parties.

7         /ss/ Richard E. Schafer
8         RICHARD E. SCHAFER
9         Administrative Patent Judge
10
11         /ss/ Jameson Lee
12         JAMESON LEE
13         Administrative Patent Judge
14
15         /ss/ James T. Moore
16         JAMES T. MOORE
17         Administrative Patent Judge
18   By Electronic Transmission
19
20   Attorney for Senior Party
21
22   Norton R. Townsley
23   Gentle E. Winter
24   BELASCO JACOBS & TOWNSLEY, LLP
25   HOWARD HUGHES CENTER
26   6100 Center Drive, Suite 630
27   Los Angeles, California 90045
28   patmail@bjtlaw.com
29
30   Attorney for Junior Party Frye
31
32   Marvin H. Kleinberg
33   2049 Century Park East, Suite 1080
34   Los Angeles, California 90067
35   patents@kleinberglerner.com

Exhibit
23

PTO/SB/31 (01-08)
Approved for use through 03/31/2008. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| NOTICE OF APPEAL FROM THE EXAMINER TO THE BOARD OF PATENT APPEALS AND INTERFERENCES | Docket Number (Optional) |
|---|---|

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450" [37 CFR 1.8(a)]
on _____

Signature _____

Typed or printed name _____

In re Application of
_Frye  D 523,180_

Application Number _29/212,555_       Filed _09/03/04_

For "_Comfort Military Helmet Liner_"

Art Unit _2900_       Examiner _McInroy_

Applicant hereby **appeals** to the Board of Patent Appeals and Interferences from the last decision of the examiner.

The fee for this Notice of Appeal is (37 CFR 41.20(b)(1))       $ _____

☒ Applicant claims small entity status. See 37 CFR 1.27. Therefore, the fee shown above is reduced by half, and the resulting fee is:       $ _____

☐ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director has already been authorized to charge fees in this application to a Deposit Account. I have enclosed a duplicate copy of this sheet.

☐ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment to Deposit Account No. _____ . I have enclosed a duplicate copy of this sheet.

☐ A petition for an extension of time under 37 CFR 1.136(a) (PTO/SB/22) is enclosed.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the .

☒ applicant/inventor.

☐ assignee of record of the entire interest. See 37 CFR 3.71. Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96)

☐ attorney or agent of record. Registration number _____

☐ attorney or agent acting under 37 CFR 1.34. Registration number if acting under 37 CFR 1.34. _____

_William H. Frye_       Signature

_WILLIAM H. FRYE_       Typed or printed name

_760-500-7670_       Telephone number

_MARCH 31, 2008_       Date

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☐ *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 41.31. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11, 1.14 and 41.6. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*


_Exhibit 24_

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

### CV08- 2144 RGK (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)

William H. Frye

**DEFENDANTS** Mike Tolin Carl Demetropoulos, / Nitron Andrew Demetropoulos / Industries

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
San Diego County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

William H. Frye
319 Via Serra
Oceanside, CA. 92057

Attorneys (If Known)

Norton R. Townsley

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No   ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CIVIL COVER SHEET      Page 1 of

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☒ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B. Involve the same or substantially the same parties or property;
☐ C. Involve the same patent, trademark or copyright;
☐ D. Call for determination of the same or substantially identical questions of law, or
☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

*Oceanside, CA*

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

*Ventura Co., Texas, Colorado*

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

*Ventura Co.*

X. SIGNATURE OF ATTORNEY (OR PRO PER): *William H. Frye*   Date *3/31/2008*

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William H. Frye<br><br>PLAINTIFF(S)<br><br>v.<br><br>Carl Demetropoulos , See Attachment<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-2144-RGK(MANx)<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):  Carl Demetropoulos, See Attachment

A lawsuit has been filed against you.

Within    20    days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, William H. Frye , whose address is 319 Via Serra Oceanside, CA 92057 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 4-7-08                                     By: _____
                                                              Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

FILED

Issue
20 Day
Summons

Attorneys for Plaintiff(s)

William H. Frye
319 Via Serspa
Oceanside, CA. 92054
760 - 500 - 7670

2008 APR -7  PM 4: 49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

William H. Frye

**PLAINTIFF(S)**

v.

Carl Demetropoulos
Andy Demetropoulos / Nitron
Industries
Mike Tolin

**DEFENDANT(S).**

CASE NUMBER  N 08 - 2144 - RGK(Man)

COMPLAINT FOR

2008 MAR 31  PM 5:

LODGED

10  My Name is William H. Frye and my Complaint is

11  as follows:

12      In June, 2006 I was issued US Paten No. D523,180

13  for a helmet liner for the Military Combat helmet. I

14  was designated sole inventor of this Invention. The

15  Firm of Nitron Industries (Carl & Andy Demetropoulos &

16  Mike Tolin) claimed they were co-inventors. The

17  issue generated an Interference proceeding at the

18  U.S. Patent and Trade Mark office. On Jan. 30, 2008

19  The Patent office ruled against me and cancelled my

20  Patent. My Attorney Marvin Kleinberg failed to present

21  a Convincing Case to the Patent office. I am appealing

22  their decision based on the fact Evidence was not properly

23  submitted by my attorney that would have proved I am

24  The Sole inventor and rightful owner of Patent No. D523,180.

25      I request that my appeal be granted so that I may have

26  additional Time to further prove my Case.

                    Respectfully Submitted

                    William H. Frye   3/31/08